UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DARRON McCALL, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-00098-ACA-JHE |
| STEVE OWENS, et al., | ) |
| Defendants. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Darron McCall filed a *pro se* amended complaint pursuant to 42 U.S.C. § 1983 and *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971), alleging violations of his rights under the Constitution or laws of the United States. (Doc. 22).

On July 12, 2022, the magistrate judge entered a report recommending the court dismiss Mr. McCall's Fourteenth Amendment deliberate indifference and/or conditions of confinement claims against Defendants Owens, Fountain, Brock, and Walker pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. (Doc. 28). The magistrate judge further recommended that Mr. McCall's Fourteenth Amendment deliberate indifference and/or conditions of confinement claims against Defendants Porter, McCall, Cohin, Nurse Wendy, and an unknown black female "weekend nurse" proceed. (*Id.*).

This matter is currently before the court for review of Mr. McCall's timely objections to the report and recommendation. (Doc. 29).

First, Mr. McCall objects to the dismissal of his deliberate indifference claims against Defendants Owens, Fountain, and Brock for failing to notify Hoover City Jail officials and medical staff of his drug addiction and impending withdrawal. (Doc. 29 at 1–2). The magistrate judge concluded that Mr. McCall did not allege facts establishing that Defendants Owens, Fountain, and Brock were deliberately indifferent to his serious medical needs. (Doc. 28 at 5–6). The amended complaint alleges that Mr. McCall informed Hoover jail and medical staff of his drug addiction when he was booked in the jail on January 7, 2021, and during his medical intake screening the following morning. (Doc. 22 at 6). Mr. McCall also provided a urine sample to jail medical staff which indicated that he was positive for both fentanyl and methamphetamine. (Doc. 22 at 6). However, the amended complaint has not alleged facts demonstrating what constitutional right Owens, Fountain, and Brock violated by failing to notify jail and medical staff of Mr. McCall's drug addiction and concerns about withdrawal when Mr. McCall admittedly notified jail and medical staff himself of his condition.

Accordingly, the court **OVERRULES** Mr. McCall's objection to the dismissal of his deliberate indifference claims against Defendants Owens, Fountain, and Brock.

Second, Mr. McCall objects to the dismissal of his supervisory liability claims against Defendant Walker. (Doc. 29 at 1–3). In his amended complaint, Mr. McCall alleges that Defendant Walker was responsible for officers on duty the evening of January 8, 2021, and either directed Defendant Porter to place Mr. McCall in the hallway corridor while he experienced withdrawal symptoms or failed to investigate Defendant Porter's actions. (Doc. 22 at 7). The magistrate judge determined Mr. McCall's amended complaint did not allege sufficient facts to state a claim for supervisory liability against Defendant Walker. (Doc. 28 at 7–8).

In his objections, Mr. McCall now contends that Defendant Walker personally participated in the alleged constitutional violations. (Doc. 29 at 1–3). Specifically, Mr. McCall alleges Defendant Walker was present when Defendant Porter placed him in the hallway, heard his pleas for help, but failed to intervene. (Doc. 29 at 1–2). These allegations do not appear in Mr. McCall's amended complaint. (*See* doc. 22).

On September 14, 2021, the magistrate judge notified Mr. McCall that his original complaint was deficient because, among other things, he did not state how each named Defendant violated his constitutional rights. (Doc. 21 at 2). The magistrate judge ordered Mr. McCall to file an amended complaint which clearly set forth the facts that support his claims against the Defendants. (Doc. 21 at 2). Mr. McCall then filed an amended complaint, which does not include factual allegations

regarding Defendant Walker's personal involvement in the alleged constitutional violations on January 8, 2021. (*See* doc. 22). Mr. McCall did not seek leave to further amend his complaint to allege these additional facts against Defendant Walker before the magistrate judge entered his report and recommendation. Mr. McCall does not assert that these new factual allegations against Defendant Walker were unknown to him when he filed his amended complaint. And Mr. McCall does not attempt to justify his delay or explain why he could not have requested leave to further amend his complaint to set forth these additional facts against Defendant Walker.

Moreover, the magistrate judge notified Mr. McCall of his right to file specific objections to the report and recommendation but explained that his objections should not contain new factual allegations. (Doc. 28 at 10). Mr. McCall's objections contain just that—new allegations that were not contained in his amended complaint. The allegations in the amended complaint are insufficient to state a claim for relief against Defendant Walker, and Mr. McCall's objections are not a proper vehicle to further amend the complaint to assert additional factual allegations.

Accordingly, the court **OVERRULES** Mr. McCall's objection to the dismissal of his deliberate indifference claim against Defendant Walker.

After careful consideration of the record in this case and the magistrate judge's report and Mr. McCall's objections, the court **ADOPTS** the report and **ACCEPTS**

the recommendation. Consistent with that recommendation, it is **ORDERED** that Mr. McCall's Fourteenth Amendment deliberate indifference and/or conditions of confinement claims against Defendants Owens, Fountain, Brock, and Walker are **DISMISSED WITHOUT PREJUDICE**, pursuant to 28 U.S.C. § 1915A(b)(1). It is further **ORDERED** that Mr. McCall's Fourteenth Amendment deliberate indifference and/or conditions of confinement claims against Defendants Porter, McCall, Cohin, Nurse Wendy, and an unknown black female "weekend nurse" are **REFERRED** to the magistrate judge for further proceedings.

    **DONE** and **ORDERED** this August 22, 2022.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE